MARTIN LEVINE, Respondent, *v.* GOLUB CORPORATION, Appellant.

Third Department, March 27, 1964.

*DeGraff, Foy, Conway & Holt-Harris (John T. DeGraff* and *Thomas F. Conneally, Jr.,* of counsel), for appellant.

*Harold E. Blodgett* for respondent.

HAMM, J. The plaintiff assumed his duties as a vice-president of the defendant on May 1, 1961, the commencement of a fiscal year. His base salary was $500 per week. On June 25, 1962, the defendant reduced the plaintiff's salary to $300 per week. The plaintiff has been awarded summary judgment for $9,000, with interest and costs, representing $200 for 45 weeks from June 25, 1962, to April 30, 1963, the end of the second fiscal year of his employment. The portions of the contract alleged to be pertinent are these:

"2. As Levine's compensation for services to the Company hereunder, during the term hereof the Company shall pay Levine through the Company or its wholly-owned subsidiary, Central Distributors, Inc. as follows:

"(a) A base salary of Twenty Thousand, Eight Hundred ($20,800.00) Dollars for the calendar year 1961 and thereafter a salary of Twenty-Six Thousand ($26,000.00) Dollars per calendar year, payable in weekly or monthly installments as may be agreed upon by the Company and Levine.

"(b) In addition to the base salary, Levine shall receive an annual bonus, payable before December 30th of each year. Said bonus shall be computed for each fiscal year of the company beginning with its fiscal year ending April 30, 1962, as follows:

"(1) A sum equal to ten (10) per cent of the consolidated supermarkets' non-food (hard goods and soft goods) net profits, as heretofore computed by the Company, before corporate income taxes, over and above a consolidated supermarkets' non-foods net profits base before corporate income taxes, of One Hundred Thousand ($100,000.00) Dollars in any fiscal year;

" (2) Plus a sum equal to ten (10%) per cent of the net profits as heretofore computed by the Company before corporate income taxes of Lenox Sales Company, Inc. For the purpose of this agreement cost of sales on sales by Lenox Sales Co., Inc. to affiliated or related corporations shall be taken at retail price less thirty (30%) per cent. Should a change of two (2%) per cent or more occur in present gross profit as measured by company retail price against Lenox cost then and in that event, the cost of sales shall be adjusted to reflect trade practices current at that time.

\* \* \*

" (c) In no event shall the combined compensation of Levine (base salary and bonus), as computed under paragraph 2, subparagraphs a and b, exceed Fifty Thousand ($50,000.00) Dollars in any fiscal year of the Company.

" (d) If the consolidated net profits, before corporate income taxes, of the Discount Department Store Division (as hereafter defined) and beginning with the Company's fiscal year ending April 30, 1962, is not at least Two Hundred Thousand ($200,000.00) Dollars in any fiscal year, then a sum equal to Ten (10%) per cent of the amount by which said net profit is less than Two Hundred Thousand ($200,000.00) Dollars plus ten (10%) per cent of any loss shall be deducted from the total compensation (salary and bonus) payable to Levine. Said amount shall be deducted from $50,000.00 or the total compensation, computed under paragraph 2, subparagraphs (a) and (b), whichever is the lesser.* Such deduction shall first be applied to the bonus of Levine, if any, due for the current fiscal year as provided under parts (1) and (2) of this subparagraph, and if there be no bonus for such fiscal year, such deduction shall then be applied pro-rata during the following fiscal years to Levine's base salary or bonus payments provided for under parts (a) and (b) of this paragraph. In the event of termination for any reason by Levine, and further, in the event there exists a loss carry-over per the aforesaid provisions of this paragraph at the time of termination, and further, in the event there exists no bonus or future salary against which the loss may be charged, then and in that event, Levine or his executors, successor or legatees shall pay to

" *Any deduction computed under this paragraph as being applicable to the company's fiscal year ending April 30, 1962, shall be deferred until fiscal year ending April 30, 1963, and thereafter shall be applied to the bonus and base salary of Levine as herein provided."

the Company such sum or loss as would otherwise be chargeable against future bonus and earnings.

" (e) In no event, shall Levine's total compensation in any fiscal year of the Company be reduced below Fifteen Thousand Six Hundred ($15,600.00) Dollars.

" (f) If, for any fiscal year of the Company, the consolidated net profits of the Discount Store Division, before corporate income taxes, exceed $200,000.00 then such excess shall be used first to offset the deficit, if any, occurring in the fiscal year ended April 30, 1962 and any balance then remaining shall be used first to replace any deductions against salary and bonus which may have been made in preceding years, and any remaining balance carried forward to offset any reductions of future years within the term of this agreement."

During the first fiscal year, May 1, 1961, to April 30, 1962, the plaintiff's base salary pursuant to subparagraph (a) of paragraph 2 and his bonuses earned pursuant to part (1) of subparagraph (b) of paragraph 2 and part (2) of subparagraph (b) of paragraph 2 of the contract were:

| | |
|---|---|
| Base salary | $ 26,000.00 |
| Consolidated supermarkets' non-food profit | 1,543.60 |
| Lenox Sales profit | 6,625.50 |
| Total | $ 34,169.10 |

But the discount department store division suffered a loss in the first fiscal year, May 1, 1961, to April 30, 1962, of $229,743. Pursuant to subparagraph (d) of paragraph 2 of the contract the defendant was entitled to deduct from the total compensation payable to the plaintiff 10% of $200,000 or $20,000 plus 10% of $229,743, or $22,974.30, a total of $42,974.30. Pursuant to the third sentence of subparagraph (d) of paragraph 2 the deduction was applied against plaintiff's bonus of $8,169.10 on the combined profits from consolidated supermarkets and Lenox Sales. There still remained of the deduction $34,805.20, $42,974.30 minus $8,169.10. The deduction was applied against the plaintiff's base salary of $26,000 but only to the extent of $200 per week because of the provisions of subparagraph (e) of paragraph 2 that the plaintiff's compensation might not be reduced below $15,600 per year.

The parties disagree on the construction of the footnote to subparagraph (d) of paragraph 2, which is here repeated: " Any deduction computed under this paragraph as being applicable to the company's fiscal year ending April 30, 1962, shall

be deferred until fiscal year ending April 30, 1963, and thereafter shall be applied to the bonus and base salary of Levine as herein provided."

The plaintiff says that the language of the contract "appears to be simple and unequivocal". The plaintiff's construction is: "Until *after* [plaintiff's emphasis] the end of the 1962–1963 fiscal year, the applicable deductions are not to be applied ' to the bonus and base salary.'" The defendant says that the fiscal year ending April 30, 1963, is obviously the fiscal year commencing May 1, 1962, and that the deferment was not to April 30, 1963, but to the fiscal year. We agree with the defendant. The words "fiscal year ending April 30, 1963 ", were merely descriptive and definitive of the fiscal year commencing May 1, 1962, and ending April 30, 1963. The deferment was to the fiscal year and "thereafter" refers to the deferment and not to the date which is merely indicative of the fiscal year. It is urged that unless the footnote is given the plaintiff's interpretation it is functionless and unnecessary and hence meaningless. But a statement repetitive of the previous substance of a contract is not to be given a contrary interpretation merely because it is repetitive and hence unnecessary. It is well recognized that draftsmen resort to otiose statements in the exercise of caution in emphasizing a prior provision or in avoiding any doubt as to the meaning of a prior provision.

The reference in subparagraph (f) of paragraph 2 to offsetting a deficit occurring in the fiscal year "ended April 30, 1962 " is not inconsistent with deducting in the second fiscal year a loss occurring in the first fiscal year. If, for instance, it should develop as ascertained shortly after May 1, 1963, the beginning of the third fiscal year, that in the second fiscal year the corporation made a profit of $250,000 in the discount department store division, the excess of $50,000 would be used first to offset the deficit which occurred in the first fiscal year, then to replace the payroll deductions made prior to the ascertainment of the profit and then would be carried forward to offset any deductions of future years.

Nor is there any conflict with subparagraph (d) of paragraph 2 of the contract, which provides: "Such deduction shall first be applied to the bonus of Levine, if any, due for the current fiscal year as provided under parts (1) and (2) of this subparagraph, and if there be no bonus for such fiscal year, such deduction shall then be applied pro-rata during the following fiscal years to Levine's base salary or bonus payments provided for under parts (a) and (b) of this paragraph."

Unless "current fiscal year" is construed as the first fiscal year the plaintiff could retain not only his base salary of $26,000, which it appears he would be entitled to do, but also the $8,169.10 bonus based on profits of the first fiscal year undiminished by any reduction for the $42,974.30 discount department store division loss in the same first fiscal year, a result which could not have been intended.

The judgment should be reversed, on the law and the facts, and the defendant-appellant's cross motion for summary judgment granted, with $10 costs.

GIBSON, P. J., HERLIHY, REYNOLDS, and AULISI, JJ., concur.

Judgment reversed, on the law and the facts, and the defendant-appellant's cross motion for summary judgment granted, with $10 costs.